# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DAVID HANSON,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. FERRARA, et al.,<br><br>Defendants. | No. 2:19-CV-1373-WBS-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is defendant City of Fairfield's motion to dismiss. See ECF No. 13. The unopposed motion to dismiss filed by defendants Ferrara and County of Solano, see ECF No. 26, is addressed by separate order issued herewith.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's original complaint. See ECF No. 1. Plaintiff names the following as defendants: (1) Thomas A. Ferrara, The Solano County Sheriff; (2) the City of Fairfield; and (3) the County of Solano. See id. at 2.

Plaintiff alleges that "[t]he Sheriff of Solano County, at the Justice Center Detention Facility, in the City of Fairfield, . . . knowingly violated the constitutional and civil rights of Plaintiff." Id. at 3 (underlining in original). Throughout the complaint, plaintiff references the alleged conduct of county personnel. See e.g. ECF No. 1. According to plaintiff, at the times relevant to the complaint, he was being held at the Justice Center Detention Facility on a felony charge. See id. at 6. Plaintiff makes clear that he was in the custody of the Solano County Sheriff, defendant Ferrara. See id. Defendant City of Fairfield is mentioned only once: "The City of Fairfield along with the County of Solano are also named as defendants being sued in individual capacity as of their official, with policies, customs, and procedures at the Justice Center Detention Facility." Id. at ¶ 12.

## II. STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

/ / /

/ / /

1    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement
2 of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair
3 notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly,
4 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order
5 to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain
6 more than "a formulaic recitation of the elements of a cause of action;" it must contain factual
7 allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56.  The
8 complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at
9 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the
10 court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
11 Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but
12 it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting
13 Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a
14 defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement
15 to relief." Id. (quoting Twombly, 550 U.S. at 557).

16    In deciding a Rule 12(b)(6) motion, the court generally may not consider materials
17 outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);
18 Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)
19 documents whose contents are alleged in or attached to the complaint and whose authenticity no
20 party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,
21 and upon which the complaint necessarily relies, but which are not attached to the complaint, see
22 Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials
23 of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.
24 1994).

25    Finally, leave to amend must be granted "[u]nless it is absolutely clear that no
26 amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per
27 curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).
28 ///

## III. DISCUSSION

In its motion to dismiss, defendant City of Fairfield argues plaintiff cannot state a claim against it for municipal liability.  See ECF No. 13.

Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers. See id. To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

Defendant's motion rests on the simple premise that plaintiff cannot sustain a Monell claim against it because he has not alleged an impropriety against the City of Fairfield or its personnel. See ECF No. 13, pg. 4.  According to defendant:

> The Complaint fails. . . .  While it *concludes* the City possessed an unconstitutional custom, policy, or practice, it offers no supporting facts. It never discusses City policies; never references City employee conduct. [¶] Based upon these failures, the Complaint should be dismissed as to Defendant [City of Fairfield].  And because the City played no role in the operation of the Jail, it is impossible for Plaintiff to successfully amend. . . .

ECF No. 13, pg. 6.

The Court agrees.  Plaintiff only mentions in the complaint of defendant City of Fairfield is the following statement:  "The City of Fairfield along with the County of Solano are also named as defendants being sued in individual capacity as of their official, with policies, customs, and procedures at the Justice Center Detention Facility." ECF No. 1, ¶ 12.  Plaintiff

4

makes clear throughout the complaint that his case concerns the alleged conduct of county, not city, personnel. As plaintiff alleges, the Justice Center Detention Facility is an arm of the County of Solano under the supervision of defendant Ferrara, the Solano County Sheriff. Plaintiff does not allege any contact with city personnel.

Given these allegations, the Court finds that plaintiff cannot allege a Monell claim against defendant City of Fairfield because none of its policies, customs, or practices could have been acted upon by the county defendants and no city personnel are named or referenced in the complaint. It is clear defendant City of Fairfield was only named because the county facility at issue is located in Fairfield, California. Plaintiff's oppositions, which again reference only county personnel and alleged conduct at the county's Justice Center Detention Facility, do nothing to dispel this finding. See e.g. ECF Nos. 20 and 21.

Finally, the Court also finds that no amendment can cure the pleading defect discussed above. There are no allegations plaintiff can make that render city personnel or the City of Fairfield responsible for the conduct of county personnel at a county facility.

## IV. CONCLUSION

Based on the foregoing, the undersigned recommends that defendant City of Fairfield's motion to dismiss, ECF No. 13, be granted and that defendant City of Fairfield be dismissed from this action with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 23, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE