1

2

3

4

5

6

7

8 **IN THE UNITED STATES DISTRICT COURT**

9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11 ROBERT DAVID HANSON,                            No.  2:19-CV-1373-WBS-DMC

12              Plaintiff,

13       v.                                        FINDINGS AND RECOMMENDATIONS

14 THOMAS A. FERRARA, et al.,

15              Defendants.

16

17              Plaintiff, who is proceeding pro se, brings this civil action pursuant to 42 U.S.C.

18 § 1983.  Pending before the Court is the unopposed motion to dismiss filed by Defendants

19 Ferrrara and County of Solano.  See ECF No. 26.

20 / / /

21 / / /

22 / / /

23 / / /

24 / / /

25 / / /

26 / / /

27 / / /

28 / / /

# I.  PLAINTIFF'S ALLEGATIONS

This action proceeds on plaintiff's original complaint.  See ECF No. 1.  Plaintiff names the following as defendants: (1) Thomas A. Ferrara, The Solano County Sheriff; (2) the City of Fairfield; and (3) the County of Solano.  See id. at 2.  Defendant City of Fairfield was dismissed on October 21, 2020.  See ECF No. 33.

Plaintiff alleges that "[t]he Sheriff of Solano County, at the Justice Center Detention Facility, in the City of Fairfield, . . . knowingly violated the constitutional and civil rights of Plaintiff."  Id. at pg. 3 (underlining in original).  According to Plaintiff, Defendants implemented a policy or procedure which denied him access to counsel while in pre-trial custody.  See id.  Plaintiff claims that, the day following his arraignment in state court on felony charges, unnamed sheriff's deputies directed Plaintiff to accompany them to the attorney room for a visit with his counsel, Michi Yamammoto, Esq., who had been appointed to represent Plaintiff in his criminal case.  See id. at ¶¶ 20-21.  Plaintiff claims that the attorney room has a monitor hanging on the wall that is "always live."  Id. at ¶¶ 27-28.  Plaintiff also asserts that "Attorney Booths" located in the hallways are not soundproof and are inches away from stationed deputies, thereby rendering them inadequate for confidential meetings with counsel.  See id. at ¶¶ 37-38 and 48.

Plaintiff claims that these conditions violated his rights to counsel and access to the courts.  See id. at ¶¶ 42 and 48.

# II.  STANDARD FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).  In addition, pro se

2

1   pleadings are held to a less stringent standard than those drafted by lawyers.  See Haines v.

2   Kerner, 404 U.S. 519, 520 (1972).

3          Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

4   of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

5   notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly,

6   550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

7   to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

8   more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

9   allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The

10   complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id. at

11   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

12   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

13   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

14   it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting

15   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

16   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

17   to relief."  Id. (quoting Twombly, 550 U.S. at 557).

18          In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

19   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

20   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

21   documents whose contents are alleged in or attached to the complaint and whose authenticity no

22   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

23   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

24   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

25   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

26   1994).

27   / / /

28   / / /

3

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## III.  DISCUSSION

In their motion to dismiss, Defendants Ferrara and the County of Solano argue: (1) Plaintiff fails to allege sufficient facts to show a violation of his constitutional rights; and (2) even if Plaintiff sufficiently alleges a constitutional violation, Plaintiff fails to allege sufficient facts to state a claim against Defendant County of Solano.  See ECF No. 26-1.

### A.    Violation of a Constitutional Right

At a minimum, to state a claim under 42 U.S.C. § 1983, the plaintiff must allege a violation of rights protected by the constitution or created by federal statute.  See Crumpton v. Gates, 947 F.2d 1418, 1420 (9th Cir. 1991); see also Pistor v. Garcia, 791 F.3d 1104, 1114 (9th Cir. 2015).  The threshold question in any § 1983 action is whether the plaintiff has alleged a constitutional or statutory violation.  See Estate of Imrie v. Golden Gate Bridge Highway and Transp. Dist., 282 F. Supp. 2d 1145, 1148 (N. Dist. Cal. 2003); see also County of Sacramento v. Lewis, 523 U.S. 833, 841 n.5 (1998).   Defendants argue Plaintiff fails to allege facts sufficient to show either a violation of his right to counsel or access to the courts.

#### 1.    Right to Counsel

Defendants in criminal actions have the right to private consultation with counsel under the Sixth Amendment.  See Nordstrom v. Ryan, 856 F.3d 1265 (9th Cir. 2017).  To adequately plead a violation of the rights to counsel, the plaintiff must allege that a person acting under color of law deliberately interfered with the confidential relationship with counsel and that such interference resulted in substantial prejudice.  See id. at 1271.  Government intrusion alone is insufficient because the right to counsel is only violated when substantial prejudice also occurs.  See id.; see also Navarro v. Adams, 419 F. Supp. 2d 1196, 1201 (D. Dist. Cal. 2006).

/ / /

/ / /

4

1    Defendants argue:

2    Here, HANSON's allegations fail to satisfy either of these
     requirements. First, HANSON has failed to allege that Solano County
3    Defendants **deliberately** interfered with his confidential relationship with
     his counsel. Instead, at most, the allegations suggest that the technology
4    implemented in the Attorney Room and physical nature of the Attorney
     Booths may have incidentally interfered with the private nature of
5    HANSON's communications with his attorney. HANSON has failed to set
     forth allegations demonstrating that there was a deliberate interference by
6    Solano County Defendants with HANSON's confidential relationship with
     his counsel. Conclusory allegations are simply not enough to survive a
7    motion to dismiss. Further, HANSON has not adequately alleged how the
     alleged intrusions by Solano County Defendants have substantially
8    prejudiced him. HANSON only repeats in broad and conclusory fashion
     throughout the Complaint that his constitutional civil rights were violated,
9    without detailing whatsoever how the alleged wrongdoings have actually
     impacted him. (ECF No. 1, ¶¶26, 50) In fact, the record indicates that at
10   least at some point, HANSON was no longer even in jail custody. (See
     ECF No. 5).
11
     ECF No. 26-1, pg. 5.
12

13   Defendants' argument, which Plaintiff does not oppose, is persuasive.  Plaintiff

14   has not alleged any facts to show that Defendant Ferrrara or any deputy under his direction

15   deliberately interfered with Plaintiff's ability to confidentially communicate with defense

16   counsel.  Moreover, Plaintiff has not alleged that he was prejudiced, let alone substantially

17   prejudiced.  Because it is possible that Plaintiff can allege facts to show deliberate interference

18   which resulted in substantial prejudice, Plaintiff should be provided an opportunity to amend.

19              2.        Access to the Courts

20   Prisoners and pre-trial detainees have a First Amendment right of access to the

21   courts.  See Lewis v. Casey, 518 U.S. 343, 346 (1996); Bounds v. Smith, 430 U.S. 817, 821

22   (1977); Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995) (discussing the right in the context of

23   prison grievance procedures); see also O'Neal v. San Bernardino Cty. Sheriff's Dep't, 2014 WL

24   2938508, at *1 (C. Dist. Cal. 2014) (discussing pre-trial detainees).  This right includes

25   petitioning the government through the prison grievance process.  See id.  Prison officials are

26   required to "assist inmates in the preparation and filing of meaningful legal papers by providing

27   prisoners with adequate law libraries or adequate assistance from persons trained in the law."

28   Bounds, 430 U.S. at 828.  The right of access to the courts, however, only requires that prisoners

5

1  have the capability of bringing challenges to sentences or conditions of confinement.  See Lewis,

2  518 U.S. at 356-57.  Moreover, the right is limited to non-frivolous criminal appeals, habeas

3  corpus actions, and § 1983 suits.  See id. at 353 n.3 & 354-55.  Therefore, the right of access to

4  the courts is only a right to present these kinds of claims to the court, and not a right to discover

5  claims or to litigate them effectively once filed.  See id. at 354-55.

6        As a jurisdictional requirement flowing from the standing doctrine, the prisoner

7  must allege an actual injury.  See id. at 349.  "Actual injury" is prejudice with respect to

8  contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-

9  frivolous claim.  See id.; see also Phillips v. Hust, 477 F.3d 1070, 1075 (9th Cir. 2007).  Delays in

10  providing legal materials or assistance which result in prejudice are "not of constitutional

11  significance" if the delay is reasonably related to legitimate penological purposes.  Lewis, 518

12  U.S. at 362.

13        Defendants argue:

14        In his Complaint, HANSON has not alleged any non-frivolous
        legal attack of his upon a conviction, sentence, or condition of
15        confinement that was frustrated or impeded. Moreover, HANSON has not
        adequately pled any actual injury that resulted from such frustration or
16        impediment. In fact, as mentioned previously, the Court's records indicate
        that HANSON is no longer even in jail custody. (See ECF No. 5)
17        HANSON also has not identified a specific underlying cause of action that
        he lost or was not able to litigate due to being shut out of court.
18
19        ECF No. 26-1, pg. 6.

20        Again, the Court finds Defendants' unopposed argument to be persuasive.  As

21  Defendants correctly observe, Plaintiff's complaint is devoid of any allegations to establish he

22  suffered an actual injury.  Because it is possible this defect can be cured, Plaintiff should be

23  provided an opportunity to amend.

24    **B.    Municipal Liability**

25        Municipalities and other local government units are among those "persons" to

26  whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).

27  Counties and municipal government officials are also "persons" for purposes of § 1983. See id.

28  at 691; see also Thompson v. City of Los Angeles, 885 F.2d 1439, 1443 (9th Cir. 1989). A local

1   government unit, however, may not be held responsible for the acts of its employees or officials

2   under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S.

3   397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not

4   of the actions of its employees or officers. See id. To assert municipal liability, therefore, the

5   plaintiff must allege that the constitutional deprivation complained of resulted from a policy or

6   custom of the municipality. See id. A claim of municipal liability under § 1983 is sufficient to

7   withstand dismissal even if it is based on nothing more than bare allegations that an individual

8   defendant's conduct conformed to official policy, custom, or practice. See Karim-Panahi v. Los

9   Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

10          Defendants argue:

11          Where "there is no constitutional violation, there can be no
            municipal liability." *Villegas v. Gilroy Garlic Festival Ass'n*, 541 F.3d
12          950, 957 (9th Cir. 2008). Given HANSON's failure to state a valid
            constitutional violation against FERRARA, HANSON cannot maintain a
13          claim against SOLANO COUNTY.

14          ECF No. 26-1, pg. 6.

15          The Court agrees.  For the reasons discussed above, Plaintiff has failed to allege facts

16   sufficient to establish that a constitutional violation occurred.  Therefore, he cannot assert liability

17   against Defendant County of Solano.  Because it is possible Plaintiff may be able to amend to allege

18   sufficient facts to show an underling constitutional violation, Plaintiff should be provided leave to

19   amend.

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

### IV.  CONCLUSION

2      Based on the foregoing, the undersigned recommends that Defendants' unopposed

3 motion to dismiss, ECF No. 26, be granted and that Plaintiff's complaint be dismissed with leave

4 to amend.

5      These findings and recommendations are submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

7 after being served with these findings and recommendations, any party may file written objections

8 with the court.  Responses to objections shall be filed within 14 days after service of objections.

9 Failure to file objections within the specified time may waive the right to appeal.  See Martinez v.

10 Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12

13 Dated:  January 7, 2021

14 _____

15 DENNIS M. COTA
   UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28